# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE ROOMSTORES OF PHOENIX, L.L.C., d/b/a THE ROOMSTORE,<br><br>Debtor. | Chapter 11 Proceeding<br><br>No. 2:15-bk-15898-DPC<br><br>**FINAL ORDER ESTABLISHING OFFICIAL SERVICE LIST FOR LIMITING NOTICE AND FOR ALLOWING HEARINGS TO BE CONDUCTED IN PHOENIX, ARIZONA** |

This matter comes before the Court pursuant to the *Emergency Motion For Order Establishing Official Service List For Limiting Notice and For Allowing Hearings to be Conducted In Phoenix* [Dkt. #10] (the "Motion") filed by The RoomStores of Phoenix, L.L.C., d/b/a The RoomStore, debtor and debtor-in-possession in the above-captioned case (the "Debtor"). The Court held a hearing on the Motion on December 22, 2015 ("Hearing"), at which time Debtor's counsel specifically outlined the methodology for providing notice in this case. No objections were filed to the Motion.

Having considered the Motion, the Debtor's Declaration of Alan Levitz Filed in Support of First-Day Motions [Dkt. #12], the arguments and presentations of counsel at the Hearing, and the record as a whole, the Court finds that: (i) it has jurisdiction over matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and (v) adequate and proper notice under the circumstances has been given of the Motion, and no other or further

notice of the Motion is required, provided that the U.S. Trustee disputes this finding as to notice. Based on the foregoing and good cause appearing therefor,

**IT IS HEREBY ORDERED**:

A. The Motion is GRANTED.

B. Except as set forth in paragraph (C) of this Order, the Debtor is authorized to limit notice to the Official Service List as described below with respect to all matters for which the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice.

C. The Debtor shall ensure notice to all parties entitled to notice in addition to those of the Official Service List with respect to the following matters: (1) notice of the date and time of the meeting of creditors pursuant to 11 U.S.C. § 341(a); (2) notice of the deadline for filing proofs of claims; (3) notice of the filing of and deadline for objecting to any disclosure statement; (4) notice of the filing of and deadline for objecting to any plan of reorganization; (5) notice of the deadline for voting on plan confirmation (but such notice may exclude those parties not entitled to vote); and (6) notice of plan confirmation. Notwithstanding the foregoing, the Debtor reserves the right to request in a motion to provide notice of any matters by publication pursuant to Federal Rule of Bankruptcy Procedure 2002(*l)* or to provide notice through delivering a cd or notice of a website link where court papers are available free of charge to the interested party.

D. The Official Service List is established to include: (i) the United States Trustee; (ii) counsel for any official committees; (iii) counsel for the proposed Consultant; (iv) the secured creditors; (v) the landlords of the Debtor from which real property was being leased at the time of the commencement of this case; (vi) the twenty (20) largest unsecured creditors of the Debtor as set forth in the Amended List of Twenty (20) Largest

Unsecured Creditors; (vi) the Arizona Attorney General; (vii) the Civil Litigation Division, Consumer Protection & Advocacy Sections Office for Phoenix, Tucson, and Prescott, Arizona; (viii) any party against whom relief is sought by the Debtor; and (ix) those parties who have requested or who later request special notice or who enter a notice of appearance in this matter.

E. The Debtor is permitted to provide notice by electronic mail to the Official Service List, to the extent that the Debtor is able to verify current, working electronic mail addresses for notice recipients, provided that Debtor requests and confirms delivery receipt through its e-mail system.

F. Debtor's counsel shall serve a copy of this Order on the United States Trustee, counsel for the proposed Consultant, all secured creditors of the Debtor, the twenty (20) largest unsecured creditors of the Debtor, the Utility Companies, and the landlords of the Debtor.

**DATED AND SIGNED ABOVE.**

NASHVILLE 53406-11 552953v2